Victor A. Sahn (CA Bar No. 97299)
  *vsahn@sulmeyerlaw.com*
Cathy Ta (CA Bar No. 261880)
  *cta@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California  90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Bankruptcy Counsel for Robert David Katz
and Roslyn Soudry Katz

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-10596-RK |
| ROBERT DAVID KATZ, an individual, and ROSLYN SOUDRY KATZ, an individual, | Chapter 11 |
| Debtors. | **MOTION FOR: (1) STAY PENDING APPEAL; OR (2) RECONSIDERATION OF ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)** |
| | [FRBP 8007(a) and 9023.] |
| | Hearing:<br>Date:    To Be Set<br>Time:    To Be Set<br>Place:    Courtroom 1675<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

CT\ 2668977v2

SulmeyerKupetz, A Professional Corporation
333 South Grand Avenue, Suite 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

Robert David Katz and Roslyn Soudry Katz, debtors and debtors in possession in the above-captioned individual Chapter 11 bankruptcy case (the "Debtors") hereby move, pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") Rule 8007(a)(1) and (2) and Rule 9023, for a stay pending appeal, or alternatively, for reconsideration (the "Motion"), of the Court's *Order Granting, in Part, and Denying, in Part, Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)* (docket no. 107) (the "Order"), as follows.

## I.
## OVERVIEW

On April 24, 2019, the Court entered the Order granting, in part, and denying, in part, the *Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum)* (docket no. 39) (the "MRS") filed by creditor Michael Cassell ("Mr. Cassell"). On April 29, 2019, the Debtors timely filed a *Notice of Appeal and Statement of Election* (docket no. 109) (the "Notice of Appeal") as to the Order.

Pursuant to FRBP Rule 8007(a)(1) and (2), the Debtors now move for a stay pending appeal of the Order, in that without a stay, the Debtors will be irreparably harmed vis-à-vis their legal rights and position with respect to Mr. Cassell's claim, there exists serious legal questions as to the Order, Mr. Cassell will not be substantially harmed, and the public interest, if any in this matter, weighs in favor of a stay. Alternatively, pursuant to FRBP Rule 9023, the Debtors request that the Court reconsider and alter its Order to deny relief from the automatic stay and otherwise stay the State Court Action.

## II.
## STATEMENT OF FACTS

**The Underlying Pleadings**

On March 6, 2019, Mr. Cassell filed the MRS, with the supporting declaration of his counsel, Ami Meyers ("Meyers Declaration"), for relief from the automatic stay with respect to a nonbankruptcy action styled *Michael Cassell v. Robert Katz, Roslyn Soudry and Does 1-5*, pending in Los Angeles Superior Court as case no. SS028885, which he described as a "Petition to compel arbitration for breach of contract" (the "State Court Action"). MRS, 3. Mr. Cassell argued

1  that pursuant to 11 U.S.C. § 362(d), "cause" existed to grant relief, in that: (a) mandatory

2  abstention applies under 28 U.S.C. 1334(c)(2); (b) the claims arise under nonbankruptcy law and

3  can be most expeditiously resolved in the nonbankruptcy forum; and (c) the bankruptcy case was

4  filed in bad faith.  MRS, 3-4 (paragraphs 4.c, 4.e, and 4.f.).  Mr. Cassell sought an order: (i)

5  granting relief to proceed under nonbankruptcy law to enforce his remedies to final judgment in

6  the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of

7  any judgment against the Debtors or property of the estate; (ii) waiving the 14-day stay prescribed

8  by FRBP 4001(a)(3); and (iii) granting extraordinary relief for the order to be binding and

9  effective in any bankruptcy case commenced by or against the Debtors for a period of 180 days.

10  MRS, 4-5.

11  On March 19, 2019, the Debtors filed their *Opposition* (docket no. 61) ("Opposition") to

12  the MRS, with the supporting declaration of Debtor Mrs. Katz (the "Katz Declaration"), and a

13  motion to strike, or in the alternative, evidentiary objections to the Meyers Declaration (docket no.

14  62) (the "Motion to Strike or Evidentiary Objections").

15  On March 26, 2019, Mr. Cassell filed a *Reply* (docket no. 66) (the "Reply"), an *Evidentiary*

16  *Objection* (docket no. 67) ("Evidentiary Objection") to the Katz Declaration, a *Response* (docket

17  no. 68/73) to the Debtors' Motion to Strike or Evidentiary Objections, and a *Request for Judicial*

18  *Notice* (docket no. 69) ("RJN").

19  On April 2, 2019 at 10:30 a.m., the Court conducted a hearing on the MRS, ultimately

20  continuing the hearing to April 17, 2019 at 11:00 a.m. so that the Debtors could have the

21  opportunity to address arguments Mr. Cassell raised for the first time in his Reply, in violation of

22  Local Bankruptcy Rule ("LBR") 9013-1(g)(4).  Specifically, in his Reply, Mr. Cassell argued for

23  the first time permissive abstention factors set forth in *In re Tucson Estates, Inc.*, 912 F.2d 1162,

24  1167 (9th Cir. 1990).

25  On April 17, 2019 at 11:00 a.m., the Court conducted the continued and final hearing on

26  the MRS.  For the reasons stated on the record, the Court granted, in part, and denied, in part, the

27  MRS.

28

CT\ 2668977v2                                    2

**The Order**

On April 24, 2019, the Court entered the Order, after considering Mr. Cassell's proposed order (docket no. 101), the Debtors' objection to Mr. Cassell's proposed order (docket no. 105), and the Debtors' proposed alternative order (docket no. 106). The Order provides, in relevant part, as follows:

(a) Mr. Cassell's Evidentiary Objection to the Katz Declaration is sustained.

(b) The Debtors' Motion to Strike or Evidentiary Objections is overruled.

(c) The MRS is granted, in part, as follows:

(i) Under 11 U.S.C. § 362(d)(1), relief from stay is granted to allow litigation in the nonbankruptcy forum to proceed to final judgment (including any appeals) in accordance with applicable nonbankruptcy law, but enforcement of any judgment is stayed and otherwise prohibited without further leave of the Court, based on the permissive abstention factors set forth in *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).

(ii) . . .

(iii) Mr. Cassell's request for a waiver of the 14-day stay prescribed by FRBP 4001(a)(3) is granted.

(d) For purposes of the MRS only, the Court finds no evidence that the case was filed in bad faith. In fact, the Court determines that it need not reach the issue of bad faith to grant relief on the MRS.

(e) The MRS is denied, in part, as follows: Mr. Cassell's request for extraordinary relief that stay relief be binding and effective in any bankruptcy case commenced by or against the Debtors for a period of 180 days is denied. *In re Van Ness*, 399 B.R. 897 (Bankr. E.D. Cal. 2009).

**The Notice of Appeal**

On April 29, 2019, the Debtors timely filed the Notice of Appeal of the Order (docket no. 109).

**The Underlying State Court Action**

Prior to the Debtor's bankruptcy filing on January 21, 2019, Mr. Cassell had filed and set for hearing on January 22, 2019 at 8:30 a.m. in the State Court Action, a *Notice of Petition and Petition to Confirm Arbitration Award* (the "Petition to Confirm Arbitration Award").  MRS, Exhibit A, docket p. 2.  As a result of the Debtors' bankruptcy filing, that hearing was stayed and otherwise continued.  As of the date of the filing of this Motion, and as allowed to proceed pursuant to the immediate effectiveness of the Order, the hearing on the Petition to Confirm Arbitration Award is currently set for and will proceed on May 14, 2019 at 8:30 a.m.  The Debtors' response deadline is nine (9) court days before the hearing.

### III.

### ARGUMENT

**A.    A Stay Pending Appeal Should be Granted**

**(1)    Legal Standard Governing Stays Pending Appeal**

FRBP Rule 8007(a)(1) permits the Court to grant a stay pending appeal.  Specifically, it provides that "Ordinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of judgment, order, or decree of the bankruptcy court pending appeal . . . ."  FRBP 8007(a)(1).  *See also* FRBP 8007(b) (a stay pending appeal may be sought from the court where the appeal is pending under certain circumstances).  Such "motion may be made either before or after the notice of appeal is filed."  FRBP 8007(a)(2).

As construed by the Ninth Circuit, under FRBP 8007(a)(1), the Court "has the power to suspend the order or offer other appropriate relief during the pending of an appeal of the order, to protect the rights of all parties in interest."  *Rev Op Group v. ML Manager LLC* (*In re Mortgs. Ltd.*), 771 F3d 1211, 1215 (9th Cir. 2014) (construing Rule 8005, which was superseded by Rule 8007 as of December 1, 2014).  In fact, the Court has broad discretion in deciding whether to issue a stay pending appeal.  *Wymer v. Wymer* (*In re Wymer*), 5 B.R. 802, 806 (9th Cir. 1980).

In exercising this discretion, the Ninth Circuit has upheld a sliding scale, or a flexible, approach to four factors, as follows:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

CT\ 2668977v2    4

merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011) (confirming the continuing viability of the Ninth Circuit's sliding scale approach as set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998)). Under the sliding scale approach, once irreparable harm is shown, a balancing of the three other factors is appropriate:

> Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.

*Abbassi*, 143 F.3d at 514. In short, a stay applicant must demonstrate at minimum, a substantial case for relief on the merits, rather than that "success is more likely than not," while showing "a likelihood of irreparable injury" for a stay pending appeal. *Leiva-Perez*, 640 F.3d at 964-68 ("There are many ways to articulate the minimum quantum of likely success necessary to justify a stay," all of which are "interchangeable" as follows: "reasonable probability," "fair prospect," "a substantial case on the merits," or "serious legal questions are raised" (citations omitted)). *See also Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). However, "a mere possibility of relief" from an order is insufficient to warrant a stay pending appeal. *Leiva-Perez,* 640 F.3d at 967 (quoting *Nken*, 556 U.S. at 435).

**(2)    Irreparable Harm, With the Other Three Factors, Weigh in Favor of a Stay**

The Court should grant a stay pending appeal of the Order, based on a sliding scale approach to the existence of serious legal questions, indisputable irreparable harm to the Debtors, and the two other factors, each discussed in turn as follows.

**(i)    The Existence of Serious Legal Questions**

A bankruptcy court's decision granting or denying relief from the automatic stay under 11 U.S.C. § 362(d) is a final decision that will be reviewed for an abuse of discretion. *Benedor Corp. v. Conejo Enters.* (*In re Conejo Enters.*), 96 F.3d 346 (9th Cir. 1996) (cited by *Gruntz v. County of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000). A bankruptcy court abuses

CT\ 2668977v2                                                5

its discretion if its decision is "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." *Conejo*, 96 F.3d at 351 (citing *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988)). Under 11 U.S.C. § 362(d), a bankruptcy court shall grant relief from the automatic stay for "cause," which "has no clear definition and is determined on a case-by-case basis." *Conejo*, 96 F.3d at 352 (citing *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).

The Debtors submit that the Order was entered erroneously, in that:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. . . . It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S.Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5840-41 (cited in *Conejo*, 96 F.3d at 352). The relevant procedural history here is as follows: Mr. Cassell moved for relief from the automatic stay under 11 U.S.C. § 362(d), on three "check the box" grounds: (a) mandatory abstention; (b) the claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum; and (c) the bankruptcy case was filed in bad faith. MRS, 3-4. The Court entered the Order on the second ground, based on the permissive abstention factors set forth in *In re Tucson Estates, Inc.*, 912 F.2d 1161, 1167 (9th Cir. 1990). Order, 2 (paragraph 11(c)(i)).

As set forth in the Debtors' Sur-Reply (which the Court authorized the Debtors to file), the Debtors submit that Mr. Cassell's MRS and Reply are faulty, based on inadmissible evidence, and fail to satisfy the *Tucson* factors. Further, the Debtors intend to file an adversary proceeding to disallow Mr. Cassell's claim under 11 U.S.C. § 502, among other potential claims, subject to further review and analysis. Finally, by virtue of the entry of the Order granting relief from the automatic stay, effective immediately, the Debtors have not been afforded the very breathing spell conferred by the automatic stay, which if maintained, would allow them to focus their energies and resources (for now) on confirmation of their proposed plan of reorganization. *Conejo*, 96 F.3d at 352 (bankruptcy court denied relief from stay so that the parties could determine whether the creditor would file a proof of claim, or waive its right to payment from the estate; staying the state

CT\ 2668977v2    6

court action promoted judicial economy by minimizing the duplication of litigation in two separate forums and the efficient administration of the estate; and, staying the state court action preserved a level playing field for negotiation of a consensual reorganization plan).

Additionally, the Debtors' position is that by allowing the State Court Action to proceed, so that Mr. Cassell's Petition to Confirm the Arbitration Award may be heard, their legal rights – particularly in the context of their reorganization efforts – will be materially and adversely affected. Specifically, staying the State Court Action maintains the status quo as of the bankruptcy filing date, which necessarily includes the legal status of the basis of Mr. Cassell's claim, which is that of an *unconfirmed* arbitration award and equivalent in effect to a contract under California statutory law only. CAL. CIV. PROC. CODE § 1287.6 (entitled "Award as contract": "An award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration."). As an *unconfirmed* arbitration award, the Debtors submit that the award carries no preclusive effect and the Rooker Feldman Doctrine does not apply to prohibit their filing of an adversary proceeding in this Court to disallow Mr. Cassell's claim, among other potential claims. See Sur-Reply, 3:23-6:21. All of that *legal* status quo changes once the State Court Action is allowed to proceed and Mr. Cassell's arbitration award is (potentially) confirmed, in that once confirmed, Mr. Cassell's claim will no longer be that of only a contract-like claim, but that of a state court judgment. CAL. CIV. PROC. CODE § 1287.4 (entitled "Entry, effect, and enforcement of judgment on confirmation": If an award is confirmed, judgment shall be entered . . . [with] the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action . . . .").

Based on the foregoing, the Debtors believe the Court abused its discretion in granting relief form the automatic stay, as allowing the State Court Action to proceed does not simply allow Mr. Cassell's claim to be liquidated, but rather, materially affects the Debtors' legal rights and position relative to that very claim. On this basis, the Debtors submit they have raised serious legal questions sufficient for the Court to grant a stay pending appeal of the Order.

**(ii)    The Debtors Will Suffer Irreparable Injury if Stay is Not Granted**

Generally, an appeal of an order is subject to dismissal for equitable mootness. The Ninth

Circuit has held:

> It is obligatory upon appellant . . . to pursue with diligence all available remedies to obtain a stay of execution of the objectionable order (even to the extent of applying to the Circuit Justice for relief [U.S.Sup.Ct. Rule 44, 28 U.S.C.A.]), if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*Trone v. Robert Farms, Inc.* (*In re Roberts Farms, Inc.*), 652 F2d 793, 798 (9th Cir. 1981) (the failure to seek a stay pending appeal, coupled with a substantial change in circumstances, may justify dismissal of the appeal for lack of equity).

The Order as entered is effective immediately. Order, 2 (paragraph 8, waiving the 14-day stay prescribed by FRBP 4001(a)(3)). If the Order is allowed to stay in effect, such that the State Court Action is allowed to proceed, and Mr. Cassell's arbitration award is confirmed, such an occurrence will constitute a substantial change in circumstances rendering the Debtors' appeal of the Order equitably moot. Pointedly, no appellate relief could be fashioned so as to reverse the Order to reinstate the parties to their positions as of the bankruptcy filing date. In other words, no court could return to the Debtors their legal rights and position relative to Mr. Cassell's claim as only an unconfirmed arbitration award, once the award is confirmed in the State Court Action and elevated to that of a state court judgment. Indisputably, the Debtors will suffer irreparable harm if a stay pending appeal is not granted. On this basis alone, with the other factors tilting in favor of a stay pending appeal, the Court should grant a stay pending appeal.

### (iii)    Mr. Cassell Will Not Suffer Substantial Injury

Mr. Cassell will not suffer substantial injury, in that the Debtors' proposed plan of reorganization, subject to amendments, will treat his claim as allowed for purposes of plan confirmation. Distributions will be made on account of this claim and such distributions will be preserved in a blocked, separate account — with the accumulated proceeds being distributed if, and when, Mr. Cassell has, on a final, non-appealable basis, an allowed general unsecured claim.

Further, though Mr. Cassell has yet to file a proof of claim in the case, Mr. Cassell has appeared already in multiple proceedings in this case and otherwise has subjected himself to this Court's jurisdiction – all of which was acknowledged at the continued hearing on the MRS. Whatever harm or injury Mr. Cassell may articulate, in anticipation of his opposition to this

CT\ 2668977v2    8

1  Motion, will be one derived from "inconvenience" attendant to the fundamental fact that the

2  Debtors petitioned for bankruptcy relief, availing themselves of the full gamut of the bankruptcy

3  laws to reorganize their financial affairs and their debtor-creditor relationships.

4                    **(iv)    The Public Interest Will Not be Harmed by a Stay**

5         The public interest here is not relevant, and to the extent it may be relevant, the public

6  interest will be well-served by the issuance of a stay pending appeal.  The integrity of the

7  bankruptcy process depends on not only providing debtors not only a breathing spell, but also

8  preserving the status quo, as it existed as of the bankruptcy filing date.  This "freeze" is literal, in

9  terms of maintaining the Debtors' legal rights and position vis-à-vis Mr. Cassell's claim as an

10 *unconfirmed* arbitration award.  A stay pending appeal of the Order is necessary to protect the

11 bankruptcy process here, in order to afford the Debtors all their rights to attempt a reorganization

12 under the bankruptcy laws – including filing an adversary proceeding with respect to Mr. Cassell's

13 claim that will not be otherwise precluded or prohibited on account of a contract-like arbitration

14 award turned state court judgment.

15 **B.    Alternatively, the Court Should Reconsider and Alter its Order Under FRBP 9023**

16        Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by FRBP

17 9023, permits the filing of a motion to "alter or amend a judgment," and pursuant to FRBP 9023,

18 the motion must be filed no later than 14 days after entry of the judgment.  FED. R. BANKR. P.

19 9023.  A Rule 59(e) motion to alter or amend a judgment may be granted on any one of four

20 grounds:  (1) the judgment is based on manifest errors of law or fact; (2) there is newly discovered

21 or previously unavailable evidence; (3) amendment is necessary to prevent injustice; or (4) there is

22 an intervening change in controlling law.  *In re Arden Props., Inc.*, 248 B.R. 164, 168 (Bankr. D.

23 Ariz. 2000) (citations omitted); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

24 1993) ("Reconsideration is appropriate if the district court . . . committed clear error").

25        The Debtors request that the Court reconsider and alter its Order, to deny relief from the

26 automatic stay, as to the State Court Action, in that under the *Tucson* permissive abstention

27 factors, the Court should weigh heavily the harm to be suffered by the Debtors, relative to their

28 legal rights and position as to Mr. Cassell's claim, should the State Court Action proceed and the

CT\ 2668977v2                                9

1 arbitration award is confirmed, as detailed above.  Further, like in *Conejo*, 96 F.3d at 352, staying

2 the State Court Action will promote judicial economy by minimizing the duplication of litigation

3 in two separate forums and the efficient administration of the estate, and preserve the level playing

4 field, as it existed as of the bankruptcy filing date, between the Debtors and Mr. Cassell for

5 reorganization purposes.  Therefore, the Debtors submit that cause exists to modify the Order to

6 deny relief from the automatic stay, so that the stay remains in place as to the State Court Action.

## IV.

## CONCLUSION

When the Court announced its ruling on the MRS, the Court went through the *Tuscon* factors and found with respect to some of them in favor of the Debtors and on some of them, in favor of Mr. Cassell.  The Debtors assert that the Court did not give sufficient weight to maintaining the automatic stay in favor of the Debtors, in consideration of the effect that relieving the stay would have on the reorganization in this case and upon the Debtors' ability to challenge Mr. Cassell's claim before this Court.

Based on the foregoing, the Debtors respectfully request that the Court enter an order:  (1) granting a stay pending appeal of the Order; or (2) modifying the Order so as to stay the State Court Action; and (3) granting any and all other relief the Court deems just and proper.

DATED:  May 2, 2019

Respectfully submitted,
**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Victor A. Sahn*
Victor A. Sahn
Cathy Ta
Bankruptcy Counsel for Robert David Katz and Roslyn Soudry Katz

CT\ 2668977v2

10